

JAMES A. DIBOISE, State Bar No. 83296
jdiboise@wsgr.com
BRIAN G. MENDONCA, State Bar No. 209728
bmendonca@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

Attorneys for Plaintiff
ACTUATE CORPORATION

ORIGINAL
FILED
08 NOV -6 PM 3:01
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ACTUATE CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, a federally-chartered corporation,<br><br>Defendant. | CASE NO.: CV 08 5076 JL<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND COPYRIGHT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Actuate Corporation ("Actuate") brings this civil action against Federal Home Loan Mortgage Corporation ("Defendant") and for its complaint alleges as follows:

**PARTIES**

1. Actuate is a corporation incorporated in the state of Delaware with its headquarters at 2207 Bridgepointe Parkway, Suite 500, San Mateo, California.

2. Actuate is informed and believes that Defendant, which is also known as "Freddie Mac," is a federally-chartered corporation with its headquarters at 8200 Jones Branch Drive, McLean, Virginia.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to

28 U.S.C. §§ 1331 and 1367. Actuate's copyright infringement claim presents a federal question and its breach of contract claim is part of the same case and controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Actuate is informed and believes that Defendant has loaned homeowners in California billions of dollars, including loans to homeowners residing in this District. Defendant is therefore subject to personal jurisdiction in this District.

**GENERAL ALLEGATIONS**

5. Actuate develops computer software and sells licenses to that software, almost exclusively to large businesses.

6. Actuate holds all right, title and interest in federally-registered United States copyrights covering its Actuate 8.0 software and earlier versions thereof, including the following copyrights: TX0006348889; TX0006348888; TX0006348887; TX0006348886; TX0006348885; TX0006348884; TX0006348883; TX0006348882; TX0006348881; TX0006348880; TX0006348879; TX0006348878; TX0006348877; TX0006348876; TX0006348875; TX0006348874; TX0006348873; TX0006348872; TX0006348871; and TX0006348870.

7. The Actuate iServer, eReport Option, eSpreadsheet Option, and Data Integration Option are modules included within Actuate's software covered by Actuate's aforementioned copyrights.

8. Defendant has licensed versions of the Actuate iServer, eReport Option, eSpreadsheet Option and Data Integration Option software (the "Licensed Software") from Actuate since 1996 pursuant to: a "Master Software License Agreement" dated December 19, 1996; a "Supplemental Agreement: End User" agreement dated December 19, 1996 and the License Attachment thereto; a "Maintenance and Support (End User) Agreement" dated December 19, 1996 and the attachment thereto; and the Addendum to Software License dated December 19, 1996 (collectively, "the License Agreements"). The parties also entered into various purchase orders related to the provision of new versions of the Licensed Software pursuant to the License Agreements.

9. Pursuant to the License Agreements, Defendant was entitled to install the Licensed Software only on specific hardware, referred to as "the Designated Hardware" in the License Agreements.

10. The Master Software License Agreement between the parties states in relevant part:

> 16.01 **Notices.** Unless otherwise provided in this Agreement, any notice required or permitted by this Agreement to be given to either party shall be deemed to have been duly given if in writing and delivered personally or mailed by first-class certified mail, postage prepaid and addressed to Company at the Location or addressed to Actuate as follows: Department of License Administration, Actuate Software Corporation, 999 Baker Way, Suite 330, San Mateo, CA 94404. Either party may change the address for notices by giving written notice of such change.

11. The Supplemental Agreement: End User agreement between the parties states in relevant part:

> 2.03 **Use on Designated Hardware.** Company is responsible for assuring proper configuration of the Designated Hardware and related equipment or devices. Company shall use the Software only on the Designated Hardware or temporarily on hardware other than the Designated Hardware if that hardware meets or exceeds the specifications for the Designated Hardware but only if the Designated Hardware cannot be used because of equipment, software, or other malfunction and only until the Designated Hardware is returned to operation. Company shall not install or use the computer program portion of the Software on any hardware that has been selected as a replacement for the Designated Hardware without the express written consent of Actuate. Actuate shall not unreasonably withhold this consent if the replacement hardware meets or exceeds the specifications for the Designated Hardware and upon payment of the appropriate license fee then in effect.
>
> * * *
>
> 5.01 **Fees.** Company will pay the amount shown on the ***License Attachment*** (or in any subsequent ***Supplemental License Attachment***) for this license prior to delivery of the Software, and shall pay such additional fees as may be shown on the ***License Attachment*** (or in any subsequent ***Supplemental License Attachment***) in accordance with the terms set forth on that attachment. If Company replaces the Designated Hardware, it shall obtain Actuate's consent to such replacement and pay the then current license fee less the amount of the License Fee originally paid before it shall have the right to use the Software on the replacement hardware.
>
> * * *

> 5.03 **Payment Terms.** All fees payable by Company shall be paid within the United States and in U.S. dollars. All late payments will be assessed a service fee of one and one-half percent (1.5%) per month, to the extent allowed by law.
>
> * * *
>
> 14.01 **Bases for Termination.** The license to use the Software granted under this Agreement will be terminated immediately upon the occurrence of any of the following events:
>
> * * *
>
> b. Company attempts to use, copy, license or convey the Software or the Proprietary Information in any manner contrary to the terms of this Agreement or in derogation of Actuate's proprietary rights in the Software or Proprietary Information.

12. The Maintenance and Support (End User) Agreement between the parties states in relevant part:

> 1.02 **Designated Hardware.** The "Designated Hardware" consists of the computer or computers designated by model and serial number in the License Attachment (or in any subsequent Supplemental License Attachment), or any replacement equipment that has been approved by Actuate.
>
> * * *
>
> 3.02 Prior to replacing the Designated Hardware, Company shall obtain Actuate's consent to such replacement and pay the then current maintenance agreement fees less the amount originally paid, before it shall have the right to maintenance and technical support services on the replacement hardware.

13. The Addendum to Software License Agreement between the parties states in relevant part:

> **SUPPLEMENTAL AGREEMENT – END USER**
>
> Paragraph 2.03 – Replace the following sentence: "Company shall not install or use the computer program portion of the Software on any hardware that has been selected as a replacement for the Designated Hardware without the prior written consent of Actuate" – with – "Company shall notify Actuate of any change in the Designated Hardware with the intent of gaining Actuate's consent to such change."
>
> * * *

> Paragraph 14.01 – Replace the following sentence: "Bases for Termination. The license to use the Software granted under this Agreement will be terminated immediately upon the occurrence of any of the following events:"
> With –
> "Bases for Termination. The license to use the Software granted under this agreement will be terminated after a 5 day notification period upon the occurrence of any of the following events:"

14. Actuate fully performed under the License Agreements and met all of its obligations thereunder that were not excused by Defendant's actions.

15. Actuate is informed and believes that Defendant moved the Licensed Software onto new hardware in 2003. Defendant did not provide Actuate with the required notice that it intended to use the Licensed Software on hardware other than the Designated Hardware, nor did Defendant receive the consent of Actuate for this use.

16. During a phone call between Actuate personnel and personnel of Defendant in August 2008, Defendant's personnel confirmed that Defendant had moved the Licensed Software onto new hardware in 2003 without providing Actuate with the required notice or getting Actuate's approval.

17. Defendant has never provided any notice compliant with §16.01 of the Master Software License Agreement, §2.03 of the Supplemental Agreement: End User agreement (as amended by the Addendum to the Software License Agreement) and/or §3.02 of the Maintenance and Support (End User) Agreement regarding its use of the Licensed Software on hardware other than the Designated Hardware.

18. After learning of Defendant's improper use of the Licensed Software on hardware other than the Designated Hardware, Actuate offered to allow Defendant to continue using the Licensed Software on that new hardware if Defendant would pay the license fees the License Agreements obligated the Defendant to pay in the event of such use. Actuate requested that Defendant pay license fees of $3,212,183.00.

19. Defendant refused to pay Actuate the amounts owing.

20. On October 7, 2008, as a result of Defendant's breaches of the License Agreements, Actuate terminated the License Agreements with the required five-day notice.

21. Despite Actuate's request that it do so, Defendant has not confirmed that Defendant had ceased using the Licensed Software.

22. Actuate is informed and believes that Defendant continues to use the Licensed Software without a license on hardware other than the Designated Hardware.

**FIRST CAUSE OF ACTION**

(Breach of Contract)

23. Actuate realleges and incorporates by reference paragraphs 1 though 22 above as though fully set forth herein.

24. The License Agreements constitute writings to which Defendant was a party and through which Actuate provided Defendant with a limited license to use the Licensed Software.

25. Actuate fulfilled all of its obligations under the License Agreements that were not excused by Defendant's actions.

26. One of the limitations contained in the License Agreements is that Defendant could not use the Licensed Software on hardware other than the hardware designated in the License Agreements ("the Designated Hardware") without informing Actuate and getting Actuate's consent for such use.

27. Actuate is informed and believes that Defendant breached the License Agreements by using the Licensed Software on hardware other than the Designated Hardware without informing Actuate or getting Actuate's consent.

28. The License Agreements require Defendant to pay Actuate certain license fees in the event that Defendant uses the Licensed Software on hardware other than the Designated Hardware.

29. Defendant has refused to pay the license fees it owes as a result of its use of the Licensed Software on hardware other than the Designated Hardware.

30. Actuate has been harmed by Defendant's breach of the License Agreements and is entitled to monetary damages in an amount to be determined at trial, but not less than three

million two hundred and twelve thousand one hundred eighty-three dollars ($3,212,183.00), exclusive of interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

(Copyright Infringement)

31. Actuate realleges and incorporates by reference paragraphs 1 though 30 above as though fully set forth herein.

32. Actuate owns valid and enforceable registered U.S. copyrights covering the Licensed Software.

33. As a result of Defendant's breach of the License Agreements, Actuate terminated the License Agreements.

34. Actuate is informed and believes that Defendant continues to possess, use and copy Actuate's copyrighted software without a license to do so. This constitutes infringement of Actuate's copyrights pursuant to 17 U.S.C. §501, *et seq.*

35. Actuate is informed and believes that Defendant's past and ongoing infringement of Actuate's copyrights is knowing and willful.

36. In light of Defendant's ongoing knowing and willful infringement of Actuate's copyrights, Actuate is entitled to injunctive relief pursuant to 17 U.S.C. § 502.

37. In light of Defendant's ongoing knowing and willful infringement of Actuate's copyrights, Actuate is entitled to its actual damages suffered as a result of the infringement as well as any profits of Defendant that are attributable to the infringement that are not taken into account in computing actual damages, pursuant to 17 U.S.C. § 504. The amount of damages to which Actuate is entitled is to be determined at trial, but is not less than three million two hundred and twelve thousand one hundred eighty-three dollars ($3,212,183.00), exclusive of interest, attorneys' fees and costs.

//

**PRAYER**

WHEREFORE, Actuate prays for judgment against Defendant as follows:

1. An injunction barring Defendant from continuing to possess, use or copy the Licensed Software;

2. Actual damages of not less than three million two hundred and twelve thousand one hundred eighty-three dollars ($3,212,183.00);

3. Interest as required by Section 5.3 of the Supplemental Agreement: End User agreement;

4. A disgorgement of Plaintiff's profits from its infringing use of the Licensed Software;

5. Costs of suit and attorneys' fees pursuant to 17 U.S.C. § 505; and

6. Such other relief as may be deemed just.

Dated: November 6, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: [signature]
Brian G. Mendonca

Attorneys for Plaintiff
ACTUATE CORPORATION

**JURY TRIAL DEMAND**

Plaintiff Actuate Corporation respectfully demands a trial by jury on all claims.

Dated: November 6, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: ______________________
Brian G. Mendonca

Attorneys for Plaintiff
ACTUATE CORPORATION